# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joan Gilbert, | Court File No. 09-cv-01990 (JRT/JSM) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| MetLife, Inc., Metropolitan Property and Casualty Insurance Company (MetLife Auto and Home), | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge on the parties' Stipulation and Protective Order of Confidentiality.

WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:

1. This Protective Order shall govern the production, use and disclosure of documents, records, testimony and information produced or disclosed by the parties in connection with this litigation.

2. For the purposes of this Protective Order, the term "documents" shall be defined in accordance with Rule 34 of Federal Rules of Civil Procedure.

3. All documents and records designated as confidential by any party to this litigation shall be used only for the limited purpose of preparing and conducting this litigation. All records obtained by any party pursuant to a written authorization provided by any other party in connection with this litigation shall be subject to this Protective Order and considered confidential hereunder. Information conveyed or discussed in testimony during a deposition or court proceeding shall be subject to this Protective Order and considered confidential hereunder if designated as confidential on the record or in writing either at the time the testimony is given or within 30 days after receipt by the designating party of the portion of the transcript containing

the testimony or information designated as confidential. Any party shall have the right to exclude from attendance at a deposition or court proceeding any person who is not entitled to receive such information or documents under the terms of this Protective Order during such time as any confidential information or documents are disclosed or discussed.

4.  Any party may object to another party's designation of any document, record, testimony or information as confidential within 30 days of receiving notice of such designation. The parties shall first make a good faith effort to resolve such dispute without court intervention. If the dispute cannot be resolved, the party objecting to the designation may seek redress from the court. In that event, the party making the confidential designation shall bear the burden of establishing that such designation is appropriate. While any motion regarding such designation is pending, the document, record, testimony or information in dispute shall be treated as confidential.

5.  The parties and their representatives shall not use any documents, records, testimony or information produced or disclosed during the course of this litigation: (1) for any competitive purpose or advantage; (2) to cause detriment to any other party or employee or former employee of any party; (3) to harass, embarrass or annoy any party or other person; or (4) for any other purpose not related to this litigation.

6.  This Protective Order shall be without prejudice to the rights of any other party to apply to the court, at any time, for relief from any requirement hereof. After final disposition of the above-captioned matter by judgment, settlement or otherwise, the court shall retain jurisdiction over the parties for the purpose of ensuring continued compliance with this Protective Order and granting such amendments to, and modifications of, this Protective Order and such other and further relief as may be necessary, and any party may apply to the court at any time for an amendment to, or modification of, this Protective Order.

7.  Confidential documents, records, testimony and information disclosed and exchanged by the parties during the course of this litigation shall not be disclosed to any third party, except as may be necessary for a legitimate purpose related to preparing or conducting this litigation. Any such third parties must be advised of the existence of and agree to comply with this Protective Order.

8.  A party who inadvertently fails to designate documents as confidential does not thereby waive the right to do so thereafter but the recipient of the documents inadvertently unmarked shall not suffer sanction for disclosure of the documents prior to the date on which it receives notice of designation of the documents as confidential. The parties agree to cooperate to minimize the publication of any inadvertently disclosed documents. All copies of the inadvertently disclosed documents shall be retrieved by counsel from any person who would not have been allowed access to it if it had been properly designated.

9.  At the conclusion of this litigation, all confidential documents, records and information, including copies thereof, and all outlines, abstracts, summaries, memoranda and compilations, constituting, embodying or disclosing confidential information, disclosed or exchanged by the parties during the course of this litigation shall be promptly destroyed or returned to the producing party's counsel of record. Counsel for the parties may retain copies for their files.

**SO ORDERED:**

Dated:   September 24, 2009

*s/ Janie S. Mayeron*
UNITED STATES MAGISTRATE JUDGE