UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joan Gilbert, | **Court File No. 09-CV-01990 (JRT/TNL)** |
| Plaintiff, | |
| vs. | |
| Metropolitan Property and Casualty Insurance Company (MetLife Auto and Home), | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| Defendant. | |

---

## INTRODUCTION

Plaintiff Joan Gilbert's ("Plaintiff") claim of disability discrimination under the Minnesota Human Rights Act ("MHRA") does not survive her death. Plaintiff misinterprets the relevant case law, but in the end, she cannot avoid the fact that she has no plausible claim of relief, and her Complaint should be dismissed with prejudice.

## LEGAL ARGUMENT

Plaintiff does not dispute that claims under the MHRA are extinguished upon the death of a plaintiff, subject to a narrow exception for claims of special damages. *See Jenson v. Eveleth Taconite Co.,* 130 F.3d 1287, 1303-04 (8th Cir. 1997); *see Kettner v. Compass Group USA*, 570 F. Supp. 2d 1121, 1125-26 (D. Minn. 2008); *Lipka v. Minn. Sch. Empl. Assoc'n*, 537 N.W.2d 624, 630 (Minn. App. 1995). In her Complaint, Plaintiff limited her claim to general damages – "emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits" and "loss of enjoyment of life" – and did not claim any special damages or amounts capable of specific determination. (Complaint, p. 5.) Plaintiff also requested attorney fees. (*Id.*)

In her efforts to avoid dismissal, Plaintiff attempts to fit her claims for damages – specifically, her claims for "back pay, lost wages and benefits, attorneys' fees, costs and interest to date of death" – within the definition of "special damages" under Minnesota law. (Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss ("Pl. Mem.") 4.)[1] Plaintiff relies solely on this Court's decision in *Kettner* to support this argument. (*Id.*, 4-7.); *see Kettner*, 570 F. Supp. 2d 1121. Plaintiff's reliance is misplaced, however, as the *Kettner* Court did not address whether the plaintiff's damages were "special" or "general" under Minnesota law. *See* 570 F.Supp. at 1125-26. Rather, the *Kettner* Court considered the defendant's motion "premise[d] on Federal Rule 9(g)" to exclude damages that were not specifically stated in the plaintiff's complaint. *Id.* at 1125. In so doing, the *Kettner* Court declined to dismiss the damages claims because of Federal Rule 9(g)'s "procedural restriction," but confirmed that "it remains clear that Plaintiff may obtain only 'special damages' as understood under Minnesota's law of survival." *Id.* at 1125-26.

Here, Plaintiff has never sought, by her Complaint, deposition testimony, or otherwise, special damages as understood under Minnesota's law of survival. Special damages refer to "the natural, but not necessary, result of a wrongful act." *Smith v. Altier*, 184 Minn. 299, 300, 238 N.W. 479, 479 (1931); *Olson v. Midwest Business Sys., Inc.*, 1993 Minn. App. LEXIS 623 (Minn. App. 1993). In contrast, general damages "naturally and necessarily result from the act complained of." *Medill v. State*, 477

---

[1] Plaintiff concedes that her claims for "emotional distress, humiliation, embarrassment, pain and suffering," and "loss of enjoyment of life" do not survive her death. (Pl. Mem. 4.)

N.W.2d 703 (Minn. 1991); *Indep. Brewing Ass'n v. Burt*, 109 Minn. 323, 327, 123 N.W. 932, 934 (1909). Thus, the characterization of damages depends wholly on the "act complained of." *See id*. Here, lost wages are the natural and necessary result of the act complained of – discriminatory termination – and are therefore general damages under Minnesota law.

Indeed, Plaintiff does not cite a single case that addresses the question of whether back pay or lost wages are "special damages" in an employment discrimination action. (Pl. Mem. 4-7.); *see Deal v. Northwood Children's Home Sc'y*, 608 N.W.2d 922 (Minn. App. 2000) (special damages stipulated); *Tezak v. Bachke*, 690 N.W.2d 37 (Minn. App. 2005) (medical expenses incurred by decedent survived his death); *Taylor v. Hennepin Cty.*, 1994 Minn. App. LEXIS 428 (Minn. App. 1994) (in MHRA action for pain and suffering damages and injunctive relief, claim abated upon the plaintiff's death). The cases Plaintiff cites that refer specifically to lost wages as "special damages" are not employment discrimination cases, they are personal injury cases – where lost wages are a natural *but not a necessary* result of the alleged wrong. *see Deal*, 608 N.W.2d at 927; *Tezak v. Bachke*, 690 N.W.2d at 39. These cases do not assist the Court in deciding whether lost wages are "special damages" in this employment discrimination action.

In fact, the applicable case law confirms that, in the employment context, lost wages and back pay are not "special damages" that save a decedent's claim from abatement. *See Jenson,* 130 F.3d at 1303-04; *Kettner*, 570 F. Supp. 2d at 1125-26; *Lipka*, 537 N.W.2d at 630. In *Jenson v. Eveleth Taconite Co.*, the Eighth Circuit expressly held that a plaintiff's MHRA claim did not survive her death where she, like Plaintiff here,

3

had asserted claims for back pay, front pay, and damages for past and future mental anguish. 130 F.3d 1287, 1290, 1303-04. Likewise, in *Lipka*, the Minnesota Court of Appeals confirmed that the plaintiff's MHRA claim abated because she did not plead any special damages. 537 N.W.2d at 630.

The instant case is distinct from the facts of *Kettner* in two other important respects. First, in *Kettner*, the decedent's death occurred prior to his trustee's filing of the lawsuit, and therefore, prior to any discovery. 570 F.Supp.2d at 1123-24. Second, the decedent's trustee asserted not only an MHRA claim but also federal claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Age Discrimination in Employment Act, each of which survived his death under the applicable federal law. 570 F.Supp.2d at 1124, 1133-34. Based on these factors, this Court allowed the trustee "to establish through discovery, the precise contours of such special damages that it will claim at trial." *Id*. Such a holding made sense on the facts of that case because discovery had not yet commenced, and regardless of the Court's holding on the survival of the MHRA claim, a trial would be held on the decedent's other claims. In this case, however, discovery closed more than six months before Plaintiff's death. The discovery record confirms that, consistent with her Complaint allegations, Plaintiff did not intend to seek special damages in this action. (*See* Gilbert Dep. 66-72, attached as Exhibit B to the Affidavit of Rhiannon C. Beckendorf In Support Of Defendant's Motion To Dismiss.) There is no reason to delay a decision to exclude damages that were not specifically stated. And unlike the decedent in *Kettner*, Plaintiff has no federal claims that survive her death. Here, there is simply no need for the parties and the Court to prepare for a

trial. Plaintiff has one claim, and it is not a claim for special damages. Nor did she specifically state any items of her claimed damages, so to the extent any of her damages are "special damages," they will be properly excluded under Federal Rule 9(g)'s procedural restriction even if Plaintiff is allowed to proceed to trial. *See*, *e.g.*, *Kettner*, 570 F.Supp.2d at 1125-26. This Court has confirmed that, where the requested damages are not available as a matter of law, there is no available "relief" as contemplated by Rule 12(b)(6), and dismissal is the proper remedy. *Kettner*, 570 F. Supp. 2d at 1124 n. 1. Plaintiff's claim should be dismissed.

Plaintiff's attempt to characterize her attorney fees as an item of special damages is misguided, and does not save her claim from dismissal. Attorney fees are not "damages" at all, but rather costs associated with the litigation, as reflected in the text of the MHRA itself, which discusses attorney fees separately from available remedies and lists attorney fees as part of the costs a claimant may recover. *See* Minn. Stat. §§ 363A.29, 363A.33. Thus, the mere fact that Plaintiff included a request for attorney fees and other costs in her Complaint does not require her claim to proceed to a trial on the merits. *See Taylor v. Hennepin Cty.*, OAH Docket No. 8-1700-7808-2, affirmed by *Taylor v. Hennepin Cty.*, 1994 Minn. App. LEXIS 428 (Minn. App. 1994).

Finally, Plaintiff's alternative request to amend the Complaint should be denied because the proposed amendment would be futile. *See Moore-El v. Luebbers*, 446 F.3d 890, 902 (8th Cir. 2006). As set forth in detail herein, Plaintiff's Complaint is subject to dismissal not only because it fails to state specifically the exact dollar amounts of her damages, but also because they are not the *types* of damages that are "special damages"

as defined by Minnesota law.  Thus, allowing Plaintiff to amend her Complaint would not save it from dismissal.

## CONCLUSION

The claims for relief pursued by Plaintiff in this case are claims for general damages, as defined by Minnesota law; that is, they are for items that are both incapable of specific determination, and the natural and necessary result of her terimination.  Plaintiff did not allege special damages, and she cannot do so now.  Since discovery in this case is complete, the record is closed, and Plaintiff can no longer testify at trial, no claim for special damages will ever exist.  Now that Plaintiff has died, there is no reason this case should proceed to trial.  Plaintiff no longer has any plausible "claim of relief," and her Complaint should be dismissed accordingly.

Date: July 8, 2011

*s/ Rhiannon C. Beckendorf*
Marko J. Mrkonich (#125660)
mmrkonich@littler.com
Rhiannon C. Beckendorf (#0388334)
rbeckendorf@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANT METLIFE AUTO AND HOME**

Firmwide:102463512.1 050379.1003