## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

JOAN GILBERT,                                 Civil No. 09-1990 (JRT/JSM)

Plaintiff,

v.                                                          **ORDER**

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY
(*MetLife Auto and Home*),

Defendant.

---

Frances E. Baillon, Christopher D. Jozwiak, and Phillip M. Kitzer, **HALUNEN & ASSOCIATES,** 1650 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiff.

Marko J. Mrkonich and Rhiannon C. Beckendorf, **LITTLER MENDELSON, PC**, 80 South Eighth Street, Suite 1300, Minneapolis, MN 55402, for defendant.

Plaintiff Joan Gilbert sued her former employer, defendant Metropolitan Property and Casualty Insurance Company ("MetLife"), for disability discrimination in violation of the Minnesota Human Rights Act ("MHRA") after she was the only supervisor not retained following MetLife's closure of its Bloomington, Minnesota office. On March 14, 2011, the Court denied MetLife's motion for summary judgment, concluding that a question of fact exists as to whether MetLife discriminated against Gilbert because of her disability and whether MetLife failed to provide her a reasonable accommodation. *Gilbert v. MetLife, Inc.*, No. 09-1990, 2011 WL 1843441, at *11, *13 (D. Minn. Mar. 14,

2011).  On December 19, 2010, while the motion was pending, Gilbert died of carcinoma of the larynx.  On March 31, 2011, Gilbert's daughter Toni Gilbert was appointed as personal representative of Gilbert's estate.

There are two motions before the Court arising out of Gilbert's death.  Gilbert moves the Court to substitute Toni Gilbert, her estate's representative, as the plaintiff in this action.  MetLife moves the Court to dismiss the action in its entirety on the ground that Gilbert's claim does not survive her death.  Although only "special damages" survive a plaintiff's death in this type of action under Minnesota law, the Court concludes that Gilbert's complaint encompasses a demand for such damages.  Accordingly, the Court grants Gilbert's motion to substitute plaintiff and denies MetLife's motion to dismiss.

## ANALYSIS

## I.     STANDARD OF REVIEW

Both of the instant motions hinge on whether any part of Gilbert's claim survives her death.  Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies **and the claim is not extinguished**, the court may order substitution of the proper party" upon motion of the decedent's successor or representative.  (Emphasis added.)  A Rule 12(b)(6) motion challenges the sufficiency of the non-moving party's complaint.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court appropriately addresses "challenges regarding issues such as survival of

claims" through Rule 12(b)(6).  *Kettner v. Compass Group USA, Inc.*, 570 F. Supp. 2d 1121, 1124 n.1 (D. Minn. 2008).

## II.    WHETHER ANY PART OF GILBERT'S CLAIM SURVIVES HER DEATH

While the parties raise the instant motions under the Federal Rules of Civil Procedure, Minnesota substantive law governs the dispositive question of whether any part of Gilbert's MHRA claim survives her death.  *See id.* at 1125-26 (applying Minnesota law to address whether a decedent's MHRA claim survives his death in the context of a defendant's Rule 12(b)(6) motion).  "A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided by section 573.02."  Minn. Stat. § 573.01.  Pursuant to section 573.02, subd. 2,

> [w]hen injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause unrelated to those injuries, the [decedent's representative or successor] . . . may maintain an action for **special damages arising out of such injury** if the decedent might have maintained an action therefor[e] had the decedent lived.

(Emphasis added.)   Accordingly, assuming that Gilbert's MHRA claim is a personal injury claim encompassed by Minn. Stat. §  573.01,[1] only her demands for special

---

[1] The Minnesota Supreme Court has not determined whether an MHRA claim is a personal injury claim, and the statute's definition of "person" explicitly includes trustees and legal representatives.  Minn. Stat. § 363A.03, subd. 30.  Nonetheless, the Court will adopt the Minnesota Court of Appeals' holding in this regard and assume that section 573.01 applies to Gilbert's claim.  *See Lipka v. Minn. Sch. Employees Ass'n, Local 1980*, 537 N.W.2d 624, 630 (Minn. Ct. App. 1995), *aff'd*, 550 N.W.2d 618 (Minn. 1996) (relying on federal courts' interpretation of analogous anti-discrimination law to conclude that MHRA claims are "injury to the person" claims under section 573.01); *Kettner*, 570 F. Supp. 2d at 1125 (reaching the same conclusion by reference to *Lipka*).

(Footnote continued on next page.)

damages survive her death.  Gilbert's complaint seeks "restitution in the form of back pay, with interest of an appropriate inflation factor[,]" as well as front pay, the monetary value of any employment benefits, damages for emotional harm, and attorney fees and costs.  (Compl. ¶ 29, Docket No. 1, Ex. 1.)  The complaint also contains a separate demand for compensatory damages.  (*Id.*)

Under Minnesota law, "special damages" are "**those damages to which an exact dollar amount can be assigned**, **such as medical expenses or lost wages to date of death**."  *Deal v. Northwood Children's Home Soc'y, Inc.*, 608 N.W.2d 922, 925 n.1 (Minn. App. 2000) (emphasis added).  *See also Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11, 12 n.1 (Minn. 1994) ("Special damages would include **medical expenses, lost wages** to date of death, and the like.") (emphasis added), *abrogated on other grounds*, *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401 (Minn. 2000); *but see Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1304, n.21 (8th Cir. 1997) (summarily concluding that a decedent had not sought special damages).[2]

_____
(Footnote continued.)

[2] MetLife relies heavily on *Jenson* to argue that no part of Gilbert's MHRA claim survives her death.  However, in *Jenson* the Eighth Circuit did not articulate any consideration of whether the decedent's claim for back pay constituted special damages under Minnesota substantive law.  Moreover, "[i]n resolving any substantive issues of state law, [the Court is] bound by the decisions of the Minnesota Supreme Court."  *Integrity Floorcovering, Inc. v. Broan–Nutone, LLC*, 521 F.3d 914, 917 (8th Cir. 2008).  "If the Minnesota Supreme Court has not spoken on a particular issue, [the Court] must attempt to predict how the Minnesota Supreme Court would decide an issue and may consider relevant state precedent, analogous decisions, considered dicta . . . and any other reliable data."  *Id.*  (omission original, quotation marks omitted).  As the citations in this Order make clear, Minnesota courts – including but not limited to the Minnesota Supreme Court – consistently characterize lost wages and medical expenses as

(Footnote continued on next page.)

Damages to compensate a plaintiff for emotional harm, by contrast, are not considered readily quantifiable special damages. *See, e.g., Estate of Benson by Benson v. Minn. Bd. of Med. Practice*, 526 N.W.2d 634, 637 (Minn. Ct. App. 1995) ("Because . . . [emotional harm] injuries are so personal, a jury would have to guess on the extent and nature of the decedent's emotional devastation, humiliation and ostracism without his presence and testimony at trial."); *Taylor v. Hennepin Cnty.*, No. C1-93-2369, 1994 WL 175010, at *2 (Minn. Ct. App. May 10, 1994) ("[Plaintiff] sought damages in excess of $50,000 for 'pain and suffering.'  But his complaint did not seek any damages to compensate for any **medical expenses or lost wages** resulting from pain and suffering. Therefore, his claim for 'pain and suffering' is best viewed as one for general, rather than special, damages . . . [under] section 573.02 . . . .") (emphasis added).  Gilbert's complaint includes a demand for back pay, or lost wages, as well as employment benefits, an amount to which an exact dollar amount can presumably be assigned.  Under clear, consistent Minnesota precedent, these claims survive her death, although her demands for compensatory and emotional harm damages unrelated to lost wages or benefits do not.

MetLife first argues that no dollar amount can be assigned to Gilbert's damages allegations, noting the absence of any specific quantity in her complaint other than "an

_____

(Footnote continued.)

special damages under Minnesota law.  *See Beaudry*, 518 N.W.2d at 12 n.1.  Indeed, MetLife has cited no Minnesota caselaw in which a court explicitly concluded that lost wages and employment benefits are **not** "special damages."

amount in excess of $50,000 . . . ."  (Compl. ¶ 29.)  That Gilbert did not quantify lost wages to the date of her death (an amount impossible to calculate when she filed the complaint, while alive) does not remove her demand for such wages from the ambit of section 573.02.  The notice pleading standard of Rule 9 of the Federal Rules of Civil Procedure does not necessitate such specificity.  *See Kettner*, 570 F. Supp. 2d at 1125 ("[W]hile only 'special damages' survive [the decedent], the Court cannot require Plaintiff, [on a motion to dismiss,] . . . to establish with greater specificity what precise types or amounts are claimed as special damages.  **Such specificity is needed only at the time of trial**.") (emphasis added).  As Gilbert's counsel affirmed at oral argument, Toni Gilbert can quantify Gilbert's lost wages and benefits as trial approaches.   MetLife asserts that Gilbert's claim for special damages is limited by periods during which she was unable to obtain employment due to her cancer treatments and related disability issues, and that, without her testimony, MetLife will be unable to establish appropriate reductions in her claim for back pay and employment benefits.  Yet Gilbert's complaint has always encompassed claims for back pay and employment benefits, and she died after her deposition and the close of discovery.  Accordingly, any insufficiencies in information regarding amounts by which Gilbert's claim for back pay and employment benefits should be reduced is the result of MetLife's deficiencies in discovery, not Gilbert's death.

MetLife also objects that Gilbert's complaint did not include a general prayer for "special damages" as did the complaint under review in *Kettner*.  *See id.* at 1124.  The alleged discrimination victim in *Kettner*, however, was already deceased when his next-

of-kind filed a complaint on his behalf.  *Id.*  The Court will not fault Gilbert for failing to include the phrase "special damages" in her complaint, given that she died well over a year after filing her complaint and that she has always alleged lost wages and employment benefits, which constitute special damages under Minnesota law.  MetLife cites interpretations of federal and state **procedural** requirements construing special damages as "the natural but not the necessary consequence of the act or omission that renders the defendant liable."  *Id.* at 1125 (citing construction of federal Rule 9 and the analogous Minnesota counterpart requiring plaintiffs to specifically state items of special damage) (internal quotation marks omitted).  The *Kettner* court, however, **rejected** the argument that this definition applies in the context of sections 573.01-02.  *Id.* at 1125; *see also id.* at 1126 ("Th[ese] procedural restriction[s] on seeking 'special damages' [are] **not what Minnesota law refers to when it provides that only 'special damages' survive the death of a plaintiff**.") (emphasis added).[3]  The Court agrees.  Under well-established Minnesota precedent, lost wages and employment benefits are "special damages" that survive Gilbert's death.

---

[3] The *Kettner* court also concluded that the difference between the definition of special damages under procedural provisions and under section 537.02 was inconsequential because the plaintiff's demand for lost wages satisfied both standards.  *See id.*  The Court agrees that under Minnesota law, lost wages and employment benefits are a natural, but not a necessary, consequence of discriminatory discharge.  *See Olson v. Midwest Bus. Sys., Inc.*, No. C2-92-1561, 1993 WL 205176, at *3 (Minn. Ct. App. June 15, 1993) (noting that "[s]pecial damages are the natural, but not necessary, result of a wrongful act[,]" but accepting the characterization of lost wages as special damages).

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Gilbert's Motion to Substitute Party [Docket No. 35] is **GRANTED**.

2.      MetLife's Motion to Dismiss [Docket No. 44] is **DENIED**.

3.      Toni Gilbert, in her capacity as the representative of Joan Gilbert's estate, is

hereby substituted as the plaintiff in this action.


DATED: October 7, 2011                  s/ John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                United States District Judge